**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

MELVIN CURRY, JR.,

        Petitioner

VS.

Superintendent CHERYL PARSONS,     NO. 5:11-CV-39 (MTT)

        Respondent

**O R D E R**

Petitioner **MELVIN CURRY, JR.**, an inmate at the Treutlen Probation Detention Center, has filed in this Court a petition for Writ of Habeas Corpus in which he appears to allege that the Georgia Department of Corrections ("GDOC") has failed to give him credit towards his current state sentence for time he spent in state prison. Petitioner used standard habeas corpus forms for the Georgia Superior Courts and designated his petition for the "Superior Court of Bibb County."

It appears to the undersigned that petitioner has mistakenly filed his action in federal court. Petitioner previously a habeas corpus petition in this Court under 28 U.S.C. § 2241. *See Curry v. Department of Corrections*, 5:10-cv-490-MTT. On December 22, 2010, this Court dismissed the petition for failure to exhaust state court remedies. Petitioner indicated in his prior petition that he had filed a mandamus action regarding the computation of his time served and that such action was pending. In the instant petition, petitioner fails to mention his filing a prior mandamus action.

Based on the foregoing, the petition should be dismissed for two alternative reasons. First, it appears that petitioner intended to file this action in the Superior Court of Bibb County. Second, it does not appear that petitioner has fully exhausted his state court remedies. For petitioner to

challenge the computation of his sentence, exhaustion requires that he first file a mandamus action against the GDOC in the appropriate superior court. *See Ellison v. Seabolt*, 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing *Anderson v. State*, 290 Ga. App. 890, 660 S.E.2d 876, 891 (Ga. Ct. App. Apr.9, 2008)). *See also Williams v. State*, 300 Ga. App. 319 (2009); *Beasley v. State*, 255 Ga. App. 522 (2002). Petitioner must also appeal any adverse decision of the superior court directly to the Georgia Supreme Court. *See* O.C.G.A. § 5-6-35.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1]

**SO ORDERED**, this 8th day of February, 2011.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the undersigned must dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.